1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) (DIVERSITY)**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Helen Watkins, an individual; Rex Watkins, an individual; Helen<br>Watkins, trustee of Watkins Family Trust; cont. on SUM-200A<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Strategic Growth, Inc., a California Corporation | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>*CONFORMED COPY*<br>*ORIGINAL FILED*<br>*Superior Court of California*<br>*County of Los Angeles*<br><br>**MAR - 3 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>Governor George Deukmejian Courthouse<br>275 Magnolia, Long Beach, California 90802 | **CASE NUMBER:**<br>*(Número del Caso)* N C 0 6 1 0 8 8 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Michael C. Hewitt, Inc.; 2082 Michelson Drive, Suite 300; Irvine, CA 92612; (949) 825-5260

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | **Sherri R. Carter** MAR - 3 2017 | Clerk, by<br>*(Secretario)* D James | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. [✓] as an individual defendant.<br>2. [ ] as the person sued under the fictitious name of *(specify):*<br><br>3. [✓] on behalf of *(specify):*<br>   under: [✓] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)<br>           [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)<br>           [✓] CCP 416.40 (association or partnership)   [✓] CCP 416.90 (authorized person)<br>           [✓] other *(specify):* CCP 416.90 (trustee of Watkins Family Trust)<br>4. [ ] by personal delivery on *(date):* 04/06/17 |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Helen Watkins, an individual; Rex Watkins, an individual; Helen
Watkins, trustee of Watkins Family Trust; cont. on SUM-200A

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Strategic Growth, Inc., a California Corporation

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CLERK'S OFFICE
ORIGINAL FILED
Superior Court of California

MAR - 3 2017

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
Governor George Deukmejian Courthouse
275 Magnolia; Long Beach, California 90802

**CASE NUMBER:**
*(Número del Caso)*
N C 0 6 1 0 8 8

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Michael C. Hewitt, Inc.; 2082 Michelson Drive, Suite 300; Irvine, CA 92612; (949) 825-5260

DATE:                    Sherri R. Carter   MAR - 3 2017      Clerk, by _____ , Deputy
*(Fecha):*                                                    *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [✓] CCP 416.40 (association or partnership)  [✓] CCP 416.90 (authorized person)
          [✓] other *(specify):* CCP 416.90 (trustee of Watkins Family Trust)
4. [✓] by personal delivery on *(date):* 04/06/17

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Strategic vs. Watkins, et al. | N C 0 6 1 0 8 8 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Rex Watkins, trustee of Watkins Family Trust; Sooner Holdings Company, LLLP, a Nevada Limited Liability Limited Partnership; Old Dominion Acceptance Corporation, a Nevada Corporation; and Does 1-50, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Michael C. Hewitt (State Bar No. 148678)
LAW OFFICES OF MICHAEL C. HEWITT, INC.
2082 Michelson Drive, Suite 300
Irvine, California 92612
Telephone: (949) 825-5260
Facsimile: (949) 825-5261

Attorneys for Plaintiff STRATEGIC GROWTH, INC.

CONFORMED COPY
ORIGINAL FILED
*Superior Court of California*

MAR – 3 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, LONG BEACH

## UNLIMITED JURISDICTION

| | |
|---|---|
| STRATEGIC GROWTH, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HELEN WATKINS, an individual; REX WATKINS, an individual; HELEN WATKINS, trustee of WATKINS FAMILY TRUST; REX WATKINS, trustee of WATKINS FAMILY TRUST; SOONER HOLDINGS COMPANY, LLLP, a Nevada Limited Liability Limited Partnership; OLD DOMINION ACCEPTANCE CORPORATION, a Nevada Corporation; and DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No. **NC061088**<br><br>**COMPLAINT OF STRATEGIC GROWTH, INC. FOR:**<br>**1. TO SET ASIDE FRADULENT TRANSFER AND FOR DAMAGES;**<br>**2. CONSTRUCTIVE TRUST; and**<br>**3. INJUNCTIVE RELIEF.**<br><br>**CASE MANAGEMENT REVIEW**<br><br>**JUL 3 1 2017**<br><br>IN DEPARTMENT _____ 27 |

Strategic Growth, Inc. ("SGI") through its attorneys, hereby complains and alleges as follows:

## PRELIMINARY JURISDICTIONAL ALLEGATIONS

1.    Plaintiff Strategic Growth, Inc. (hereinafter referred to as "SGI" or "Plaintiff" or "Judgment Creditor") is a California corporation, with its principal place of business in Long Beach, California.

-1-
COMPLAINT OF STRATEGIC GROWTH, INC.

2.      Defendant Helen Watkins (hereinafter "HELEN," "Defendant HELEN," or collectively with the other defendants as "Defendants") is an individual and is one of the owners, directors and officers of a carpet cleaning company, Organic Compounds, Inc., a California corporation (hereinafter "OCI")

3.      Defendant Rex Watkins (hereinafter "REX," "Defendant REX," or collectively with the other defendants as "Defendants") is an individual and is one of the owners, directors and officers of OCI.

4.      The Watkins Family Trust (hereinafter "WATKINS TRUST") is a family trust that has participated in the fraudulent transfers alleged herein and is one of the beneficiaries of the fraudulent transfer of assets that are the subject of this complaint.

5.      SGI is informed, believes, and thereon alleges on that basis that Defendants HELEN and REX are the sole trustees and beneficiaries of WATKINS TRUST and therefore also named as parties in their respective capacities as trustees.

6.      Defendant SOONER HOLDINGS COMPANY, LLLP (hereinafter "SOONER"), is a Nevada limited liability limited partnership, whose sole members are Defendants HELEN and REX Watkins, who are also general partners of SOONER. SOONER has participated in the fraudulent transfers alleged herein and is one of the beneficiaries of the fraudulent transfer of assets that are the subject of this complaint

7.      Defendant OLD DOMINION ACCEPTANCE CORPORATION (hereinafter "DOMINION") is a Nevada corporation, whose sole owners, directors and officers are Defendants HELEN and REX.  DOMINION has participated in the fraudulent transfers alleged herein and is one of the beneficiaries of the fraudulent transfer of assets that are the subject of this complaint

8.      SGI is unaware of the true names or capacities, whether individual, association, partnership, corporation, or otherwise, of Does 1-50, inclusive, and therefore sues said Defendants by such fictitious names.  Their true names and capacities, when ascertained, may be incorporated herein by appropriate amendment.

9.      SGI is informed, believes, and thereon alleges that each of the defendants were the agent and servant, or co-conspirator with, the other defendants, and they aided, abetted and participated in the wrongful acts or omissions, or otherwise caused or are responsible for the damages, as alleged in this Complaint.

10.     That the allegations herein sued upon are subject to the provisions of §395a of the Civil Code of the State of California and § 410.10 of the Code of Civil Procedure of the State of California.  The torts sued upon in this action all occurred in the County of Los Angeles, State of California.

## BACKGROUND FACTS

11.     On or about April 16, 2007, OCI and SGI entered into a written Contract for Services, a copy of which is attached as Exhibit A hereto, (the "Contract") by which SGI agreed to perform, through Joseph Freire, certain services for OCI.  That Contract was terminated by OCI on or about February 18, 2008.

12.     On November 14, 2008 OCI filed a complaint against SGI and Joe Freire alleging six meritless causes of action.  SGI and Freire filed their cross complaint and subsequent first amended cross complaint alleging, in part, that HELEN and REX were alter egos of OCI.  On December 16, 2009, this matter was arbitrated before the Hon. Luis A. Cardenas (Ret.) JAMS Case No. 1200041450 and SGI was awarded $149,457.75.  SGI brought a Motion to confirm the arbitration award and the Court ordered the parties back to arbitration to determine whether the Watkins were the alter ego of OCI.  Once again before the Hon. Luis A Cardenas, the arbitrator ruled that HELEN and REX are the alter ego of OCI.  Accordingly, the Court granted the Petition to Confirm the Arbitration awards made on February 9, 2010 and July 7, 2012 by the Hon. Luis Cardenas (ret.).

13.     On November 2, 2012, Judgment was entered on the arbitration awards in the amount of $258,508.33 plus interest against OCI, HELEN and REX (hereinafter collectively referred to as "Judgment Debtors").  The Judgment Debtors appealed.  The Court of Appeal affirmed the judgment as to OCI.  The Judgment, however, was reversed as to the Watkins as the Appellate Court found that the trial Court erred by ordering HELEN and REX to Arbitration

1  without having first affirmed that HELEN and REX were the alter egos of OCI.  The Court of

2  Appeal remanded the case back to the trial court to conduct an evidentiary hearing to determine

3  whether the judgment should be amended to add HELEN and REX as additional judgment

4  debtors.

5        14.     Between July 2015 through July 2016, SGI and the Judgment Debtors were

6  embroiled in post judgment evidentiary proceedings.   An evidentiary hearing was held on

7  October 30, 2015 and November 13, 2015. SGI presented evidence that HELEN and REX were

8  the sole decision makers for OCI, corporate assets were sold for cash then diverted for HELEN

9  and REX's personal use, and that HELEN and REX sold the assets of OCI in an attempt to avoid

10  paying SGI.  Subsequently, on July 29, 2016 the Court amended the Judgment to add HELEN

11  and REX as additional judgment debtors. (A true and correct copy of said judgment is attached

12  hereto as Exhibit A.)

13  ## ALTER EGO ALLEGATIONS

14        15.     SGI is informed, believes and thereon alleges that Defendants HELEN and REX

15  are the alter egos of the WATKINS TRUST, SOONER and DOMINION, and vice versa.

16  **Watkins Family Trust**

17        16.     HELEN and REX are the settlors and trustees of the WATKINS TRUST.

18  Defendants HELEN and REX are jointly and individually the alter ego of the WATKINS

19  TRUST in that they have failed to maintain a separateness between themselves and WATKINS

20  TRUST, have managed WATKINS TRUST as an extension of themselves having so controlled,

21  dominated and managed the trust that as between Defendants HELEN and REX and the trustees

22  of WATKINS TRUST, there was no separate mind, will or existence of their own.

23        17.     There exists, and at all times existed since the formation of the WATKINS

24  TRUST, a unity of interest and ownership between Defendants HELEN and REX, and the

25  WATKINS TRUST such that any separateness between them has ceased to exist.  Defendants

26  HELEN and REX caused their own personal assets to be transferred, without adequate

27  consideration, to WATKINS TRUST including those assets belonging to OCI, another alter ego

28  of HELEN and REX, for the purpose of evading payment of their lawful obligations.  Defendants

1    HELEN and REX have completely controlled, dominated, managed and operated WATKINS

2    TRUST since its formation for their own personal benefit.

3        18.    Defendant WATKIN TRUST is, and at all times mentioned was, a mere shell,

4    instrumentality and conduit through which Defendants HELEN and REX carried on their

5    activities in the trust name exactly as they conducted such activities prior to the formation of the

6    WATKIN TRUST.  Defendants HELEN and REX exercised and exercise such complete control

7    and dominance over such activities that any distinctiveness or separateness of Defendant

8    WATKIN TRUST and Defendants HELEN and REX do not, and at all relevant times did not

9    exist.

10       19.    In particular, Defendants HELEN and REX have co-mingled funds, failed to

11   maintain adequate separate financial relationship from the WATKINS TRUST, failed to maintain

12   adequate and separate financial records for WATKINS TRUST, and have treated the WATKINS

13   TRUST assets as their own.  Hence, the existence  WATKINS TRUST is solely for Defendants

14   HELEN and REX to be judgment proof.  It would be unjust to recognize them as separate

15   entities.  WATKINS TRUST, vis a vis HELEN and REX Watkins as trustees, is personally liable

16   for the obligations and liabilities of Defendants HELEN and REX in their individual status as

17   Judgment Debtors.

18   **Sooner Holdings Company, LLLP**

19       20.    SGI is informed, believes and thereon alleges that SOONER was at all times

20   relevant the alter ego of Defendants HELEN and REX.  Defendants HELEN and REX were, at

21   all times mentioned, the sole general partners, officers, directors, and managers of SOONER.

22       21.    SGI is informed, believes and thereon alleges that Defendants HELEN and REX,

23   at all times mentioned, dominated, influenced and controlled SOONER.  There existed, and

24   exists now, a unity of interest and ownership between Defendants HELEN and REX and

25   SOONER such that the individuality and separateness of said individual defendants and

26   SOONER have ceased.  SOONER has been a mere shell and naked framework which Defendants

27   HELEN and REX have, and still, use as a conduit to conduct their personal business, property

28   and affairs.  SOONER was created and continued pursuant to a fraudulent plan, scheme and

-5-
COMPLAINT OF STRATEGIC GROWTH, INC.

device conceived and operated by Defendants HELEN and REX whereby income, revenue and profits of OCI were diverted to and from themselves and their other shell entities including, but not limited to, SOONER, WATKINS TRUST and DOMINION.

22.     SGI, on information and belief, alleges that HELEN and REX, in the management and control of SOONER, failed to follow corporate formalities.

23.     SGI is informed, believes and thereon alleges that Defendants HELEN and REX formed SOONER and made transfers to SOONER in order to avoid their own individual liabilities and will continue to do so.

24.     By virtue of the foregoing, adherence to the fiction of the separate corporate existence of SOONER would, under the circumstances set forth herein and below, sanction fraud and promote injustice in that SGI would be unable to collect upon the judgment in its favor.  SGI is informed, believes and thereon alleges that, at all times relevant hereto, Defendants HELEN and REX and SOONER acted for each other in connection with the conduct hereinafter alleged and that each of them performed the acts complained of herein or breached duties herein complained of as agents of each other and each is therefore fully liable for the acts of the other.

**Old Dominion Acceptance Corporation**

25.     SGI is informed, believes and thereon alleges that DOMINION was at all times relevant the alter ego of Defendants HELEN and REX Watkins.  Defendants HELEN and REX were, at all times mentioned, the sole officers, directors, managers and shareholders of DOMINION.

26.     SGI is informed, believes and thereon alleges that said individual defendants, at all times mentioned, dominated, influenced and controlled DOMINION.  There existed, and exists now, a unity of interest and ownership between Defendants HELEN and REX and DOMINION such that the individuality and separateness of said individual defendants and DOMINION have ceased.  DOMINION has been a mere shell and naked framework which Defendants HELEN and REX have, and still, use as a conduit to conduct their personal business, property and affairs.  DOMINION was created and continued pursuant to a fraudulent plan, scheme and device conceived and operated by Defendants HELEN and REX whereby income,

1  revenue and profits of DOMINION were diverted to and from themselves and their other shell

2  entities including, but not limited to, the WATKINS TRUST and SOONER.

3      27.    SGI, on information and belief, alleges that HELEN and REX, in the management

4  and control of DOMINION, failed to follow corporate formalities.

5      28.    SGI is informed, believes and thereon alleges that Defendants HELEN and REX

6  formed DOMINION and have made transfers to DOMINION in order to avoid their own

7  individual liabilities and will continue to do so.

8      29.    By virtue of the foregoing, adherence to the fiction of the separate corporate

9  existence of DOMINION would, under the circumstances set forth herein and below, sanction

10  fraud and promote injustice in that SGI would be unable to collect its judgment. SGI is

11  informed, believes and thereon alleges that, at all times relevant hereto, Defendants HELEN and

12  REX and DOMINION acted for each other in connection with the conduct hereinafter alleged

13  and that each of them performed the acts complained of herein or breached duties herein

14  complained of as agents of each other and each is therefore fully liable for the acts of the other.

15  **FIRST CAUSE OF ACTION - TO SET ASIDE FRADULENT TRANSFER**

16  **(Against HELEN WATKINS; REX WATKINS; HELEN WATKINS as trustee of**

17  **WATKINS FAMILY TRUST; REX WATKINS as trustee OF WATKINS FAMILY**

18  **TRUST; SOONER HOLDINGS COMPANY, LLLP; OLD DOMINION ACCEPTANCE**

19  **CORPORATION and Does 1 through 50, inclusive)**

20      30.    SGI hereby incorporates by reference all of the preceding paragraphs of this

21  Complaint as though set forth fully herein.

22      31.    At the time that OCI filed its lawsuit against SGI, on or about November 14,

23  2008, OCI was a solvent and active California corporation. The matter was first arbitrated on

24  December 16, 2009. SGI prevailed at the first arbitration and was awarded $149,457.75. After

25  several hearings, another arbitration and an appeal, SGI prevailed at the second arbitration and

26  was awarded a money judgment in the amount of $258,508.33 plus interests at the legal rate

27  against OCI on November 2, 2012. On or about July 29, 2016, Defendants HELEN and REX, in

28  their individual capacities, were added to the judgment entered against OCI.

COMPLAINT OF STRATEGIC GROWTH, INC.

32.     Subsequent to the filing of the prior lawsuit, but before final judgment, Defendants HELEN and REX made two transfers of assets to avoid having to pay the imminent judgment before them: 1) OCI's assets were fraudulently transferred to the WATKINS TRUST, sold to Organic Cleaning Compounds, Inc., then HELEN and REX caused payments for the sale to be made to SOONER, 2) Defendants HELEN and REX's personal residence was transferred from the WATKINS TRUST to DOMINION for no consideration.

**Fraudulent Transfer of OCI's Assets and Royalties**

33.     In or around August 2010, immediately after the first arbitration but before final judgment, Defendants HELEN and REX caused all of OCI's assets to be transferred to the WATKINS TRUST by falsely naming the trust as a secured creditor to OCI.  A true and correct copy of the UCC Financing Statement filed with the California Secretary of State on August 19, 2010 is attached hereto as Exhibit B.  Upon information and belief, said transfer was for inadequate consideration.

34.     Immediately after such transfer, within the month of August of 2010, the WATKINS TRUST sold OCI's assets to another company, Organic Cleaning Compounds, Inc., which was formed by Einer Nelson for the purpose of purchasing OCI's assets.  The sale was comprised of all of OCI's carpet cleaning equipment and royalty payments on the sale of goods. To avoid payment of SGI's judgment, HELEN and REX required Nelson to make all payments to the WATKINS TRUST when in fact OCI owned all of the assets sold to Organic Cleaning Compounds, Inc.

35.     Before final judgment was entered by the court the WATKINS TRUST through HELEN and REX, instructed Nelson to make all payments to SOONER. HELEN and REX have denied any knowledge of SOONER, but SOONER is wholly owned by HELEN and REX. HELEN and REX formed SOONER for the sole purpose of avoiding payment of SGI's judgment.

**Fraudulent Transfer of Defendants' Personal Residence**

36.     In or around March of 2009, as the alter egos of Defendants HELEN and REX, individually, Defendants HELEN and REX, as trustees of WATKINS TRUST, and on

information and belief, utilizing funds improperly taken from OCI, purchased a home in the State of Oklahoma, County of Washington. The address of the residence is 3001 SE Claremont, Bartlesville, Oklahoma (hereinafter "WATKINS HOME"). The property is described as:

> Lot One (1), Block Five (5), Colonial Estates 9th Addition, Section 1, Bartlesville, Washington County, Oklahoma.

On or about March 16, 2010, subsequent to the filing of the prior litigation but prior to judgment, Defendants HELEN and REX, as trustees of WATKINS TRUST, transferred title to their personal residence to Defendant DOMINION, which is wholly held by HELEN and REX. The transfer of the property from the WATKINS TRUST to DOMINION was solely to avoid payment of SGI's judgment and the transfer was for inadequate consideration. True and correct copies of the above transfers of title are attached hereto as Exhibit C.

**Results of the Fraudulent Transfers**

37.     SGI is informed, believes and thereon alleges that, Defendants HELEN and REX and OCI, as judgment debtors to SGI's' judgment, are now insolvent as a result of the above-mentioned transfers. SGI is informed and believes and on this basis alleges that Defendants carried out these transfers with an actual intent to hinder, delay, or defraud SGI..

38.     Defendants refuse and continue to refuse to pay SGI's judgment. Defendants' actions in the above transfers are substantial factors in SGI not being able to collect on the judgment. For these reasons, SGI has been harmed for the outstanding judgment in the amount of $336,634.12 plus interest accruing at the legal rate of 10.00% from the date of entry of judgment on July 19, 2016.

## SECOND CAUSE OF ACTION - CONSTRUCTIVE TRUST

**(Against HELEN WATKINS; REX WATKINS; HELEN WATKINS as trustee of WATKINS FAMILY TRUST; REX WATKINS as trustee OF WATKINS FAMILY TRUST; SOONER HOLDINGS COMPANY, LLLP; OLD DOMINION ACCEPTANCE CORPORATION and Does 1 through 50, inclusive)**

39.     SGI hereby incorporates by reference as though fully set forth herein each of the allegations of paragraphs 1-29 and 31-38 of this Complaint.

40.     Each of the transfers alleged herein were the result of fraud perpetuated by all named defendants.  But for these fraudulent conveyances, the transfers would not have taken place.

41.     SGI has obtained a Judgment against Defendants Helen Watkins and Rex Watkins, in their individual capacities, and OCI in the amount of  $336,634.12 plus interests at the legal rate of 10.00% from July 19, 2016.  The Judgment remains unsatisfied.

42.     SGI is informed, believes and thereon alleges that the aforementioned fraudulent transfers all took place in an attempt for Defendants HELEN and REX, as judgment debtors in their individual capacities, to place their assets beyond the reach of SGI and to hinder, delay, and frustrate SGI in collecting on its Judgment.  Defendants have a history of attempting to avoid liability in the prior lawsuit evidenced by their  transfer of OCI assets to WATKINS TRUST.  As such, the assets of SOONER, DOMINION, and WATKINS TRUST are all subject to a constructive trust for the benefit of SGI.

43.     SGI is informed, believes and thereon alleges that Defendants HELEN and REX, in their individual capacities, have received rental income, profits and other distributions from WATKINS TRUST, SOONER and DOMINION.  SGI is unaware of the exact amounts of the income, profits and distributions and therefore owed an accounting of these amounts.  Any and all income, profits and other distributions are also subject to a constructive trust.

44.     In making the aforementioned fraudulent transfers, Defendants acted in callous disregard of the rights of SGI, knowing that such transfers were substantially certain to prevent SGI from collecting on its money judgment.  These acts constitute fraud and were malicious therefore making Defendants subject to punitive damages.  Therefore, SGI is also entitled to punitive damages in an amount to be determined at trial.

///
///
///
///
///

## THIRD CAUSE OF ACTION - INJUNCTIVE RELIEF

**(Against HELEN WATKINS; REX WATKINS; HELEN WATKINS as trustee of WATKINS FAMILY TRUST; REX WATKINS as trustee OF WATKINS FAMILY TRUST; SOONER HOLDINGS COMPANY, LLLP; OLD DOMINION ACCEPTANCE CORPORATION and Does 1 through 50, inclusive)**

45.    SGI hereby incorporates by reference as though fully set forth herein each of the allegations of paragraphs 1-29, 30-38, and 40-44 of this Complaint.

46.    At all times mentioned herein, Defendants HELEN and REX, and each of them, have fraudulently, wrongfully and unlawfully made transfers of property from themselves, as individuals, to themselves as trustees of WATKINS TRUST, and to SOONER and DOMINION. Defendants have a history of such fraudulent transfers in order to avoid paying on the judgment owed to SGI, thus establishing a pattern of deceit.

47.    If Defendants are allowed to continue to make further fraudulent transfers, and unless Defendants are enjoined and restrained by this Court, SGI will suffer continued irreparable harm in that SGI will never be able to collect on the prior judgment.

48.    SGI has no adequate remedy at law for injuries already sustained and future injuries by Defendants in that SGI will never be able to collect on the judgment obtained in the prior lawsuit.

49.    SGIs has already prevailed on one alter ego allegation and successfully established a pattern of fraudulent actions as evidenced in the prior lawsuit.  Based upon the above causes of action and the underlying history of Defendants' fraudulent actions, SGI is highly likely to prevail on this instant matter.

50.    SGI is entitled to collect on the judgment in the prior lawsuit and when balanced against the interests of the harm in enjoining the Defendants' future actions, said balancing favors SGI as Defendants are attempting to use said transfers in an unlawful attempt to avoid creditors.

COMPLAINT OF STRATEGIC GROWTH, INC.

WHEREFORE, SGI requests judgment against Defendants, and each of them, as follows:

1.  For an order from this Court to set aside all transfers set forth above, by and/or between Defendants HELEN and REX, as individuals and as the trustees, WATKINS TRUST, SOONER, and/or DOMINION, and void all said transfers to the extent necessary to satisfy Plaintiffs' prior judgment in the amount of $336,364.12 plus interests at the legal rate of 10.00% from July 19, 2016 through judgment;

2.  For a declaration by this Court that Defendants hold the amount of $336,364.12 plus interest at the legal rate of 10.00% from July 19, 2016 through judgment as constructive trustees for the benefit of Plaintiffs;

3.  For a declaration by this Court that Defendants hold the personal residence as constructive trustees for the benefit of SGI;

4.  For a declaration by this Court that Defendants hold any other property sufficient to pay the prior judgment plus post-judgment interest as constructive trustees for the benefit of SGI;

5.  For an order enjoining Defendants from further selling, encumbering, or disposing of any and all assets, real and personal property described in this Complaint;

6.  For punitive damages;

7.  For its costs of suit incurred herein; and

8.  For such other and further relief as the court may deem proper.

Dated: March 3, 2017

LAW OFFICES OF MICHAEL C. HEWITT, INC.

By: _____
Michael C. Hewitt
Attorney for Plaintiffs Strategic Growth, Inc.

-12-
COMPLAINT OF STRATEGIC GROWTH, INC.

EXHIBIT A



1   Richard S. Usher (State Bar No. 78216)
    FURMAN USHER, INC.
2   2082 Michelson Drive, Suite 300
    Irvine, California 92612
3   Telephone: (949) 788-0066
    Facsimile: (949) 788-0688
4   Email: ricusher@aol.com

5   Michael C. Hewitt (State Bar No. 148678)
    2082 Michelson Drive, Suite 300
6   Irvine, California 92612
    Telephone: (949) 825-5260
7   Facsimile: (949) 825-5261

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 29 2016

Sherri R. Carter, Executive Officer/Clerk

By:_____ Deputy

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES, LONG BEACH

10

11  Organic Compounds, Inc, a California
    Corporation                                Case No. NC 052101

12          Plaintiff,                         [PROPOSED] JUDGMENT ADDING REX
                                               WATKINS AND HELEN WATKINS AS
13          v.                                 ADDITIONAL JUDGMENT DEBTORS

14

15  Joseph Freire; Strategic Growth, Inc, a California   Assigned for all purposes to:
    Corporation, and Does 1 through 10, inclusive        Hon Ross M. Klein
16                                                       Department S27
            Defendants.
17
                                                         Action Filed: November 14, 2005
18

19  Strategic Growth, Inc., a California Corporation,

    and Joseph Freire,
20
            Cross-Complainants,
21
            v.
22
23  Organic Compounds, Inc., A California

    Corporation; Helen Watkins, Rex Watkins, and
24
    Roes 1-10, inclusive,
25
            Cross-Defendants.
26

27

28                                  -1-

JUDGMENT ADDING REX WATKINS AND HELEN WATKINS AS ADDITIONAL
JUDGMENT DEBTORS

1

2    The Court held an evidentiary hearing on October 30, 2015 and November 13,

3    2015 in Department 27 of the South District of the Superior Court for the County

4    of Los Angeles, The Honorable Ross Klein presiding, to determine whether the

5    judgment should be amended to add Rex Watkins and Helen Watkins as additional

6    judgment debtors.

7        Judgment creditor, Strategic Growth, Inc., appeared through Michael C.

8    Hewitt, Esq. Judgment debtors, Organic Compounds, Inc., Rex Watkins and Helen

9    Watkins, appeared through Richard Hassen, Esq. Pursuant to the evidentiary

10    hearing, Judgment is now entered as follows:

11        On the complaint of plaintiff Organic Compounds, Inc., for defendants

12    Strategic Growth, Inc. and Joseph Freire.

13        On the first amended cross-complaint of cross-complainant, Strategic

14    Growth, Inc. and against Organic Compounds, Inc., Rex Watkins and Helen

15    Watkins, jointly and severally, $336,634.12 as of July 19, 2016, plus $57.70 per

16    day from July 12, 2016, statutory simple interest of 10% per annum on the

17    principal amount plus pre-award interest and attorney's fees and costs totaling

18    $211,161.75, as follows:

19        (1) Principal of $103,200.00, representing unpaid wages, uncompensated

20            termination time, and partial wages for early termination, as set forth in the

21            arbitration award of February 19, 2010.

22        (2) Attorney's fees of $38,357.75, as set forth in the arbitration award of

23            February 19, 2010.

24        (3) Costs of $7,900, as set forth in the arbitration award of February 19, 2010.

25        (4) Attorney's fees of $32,240.00, as set forth in the arbitration award of July 7,

26            2012.

27

28

-2-

**JUDGMENT ADDING REX WATKINS AND HELEN WATKINS AS ADDITIONAL JUDMENT DEBTORS**

1   (5) Costs of $8,824.00, as set forth in the arbitration award of July 7, 2012.

2   (6) $20,640.00, representing pre-award simple interest of 10% per annum on

3      the principal amount of $103,200.00, from February 18, 2008, through

4      February 18, 2010, as set forth in the arbitration award of February 19,

5      2010.

6   (7) $24,768.00 simple interest of 10% per annum from February 19, 2010

7      through February 19, 2012 on $123,840.00 representing principal award and

8      pre-award interest as of February 19, 2010,

9   (8) $8,696.88 simple interest of 10% per annum from February 19, 2012

10     through Judgment dated November 2, 2012 on $123,840.00 representing

11     principal award and pre-award interest as of February 19, 2010.

12  (9) $9,251.56 simple interest of 10% per annum from February 19, 2010

13     through February 19, 2012 on $46,257.75 from representing attorney's fees

14     and costs through February 19, 2010,

15  (10)    $3,248.48 simple interest of 10% per annum from February 19, 2012

16     through Judgment dated November 2, 2012, representing attorney's fees of

17     $38,357.75 and costs of $7,900.00, as set forth in the arbitration award of

18     February 19, 2010.

19  (11)    $1,323.96 simple interest of 10% per annum from July 7, 2012

20     through Judgment dated November 2, 2012, on $41,064.00 representing

21     attorney's fees of $32,240.00 and costs of $8,824.00, as set forth in the

22     arbitration award of July 7, 2012.

23  (12)    $78,183.50 simple interest of 10% per annum from November 2,

24     2012, through July 19, 2016, (a) on $123,840.00 representing principal

25     award and pre-award interest as of February 19, 2010, (b) on $38,357.57

26     representing attorney's fees and on $7,900 cost as set forth in the arbitration

27

28

-3-

**JUDGMENT ADDING REX WATKINS AND HELEN WATKINS AS ADDITIONAL JUDMENT DEBTORS**

1   award of February 19, 2010, and (c) on $32,240.00 representing attorney's

2   fees of $32,240.00 and costs of $8,824.00 as set forth in the arbitration

3   award of July 7, 2012.

4   (13)    Statutory simple interest of 10% per annum on all unpaid remaining

5   amounts set forth in this Judgment, including any additional amounts

6   awarded as attorney's fees and costs, but excluding amounts designated as

7   post-award interest, from the date of Judgment until the Judgment has been

8   paid in full.

9   (14)    Costs and reasonable attorney's fees incurred in connection with

10  Court proceedings in this case, as established through post-judgment

11  proceedings.

12  Costs:              $_____TBD_____

13  Attorney's Fees:    $_____TBD_____

14  (15)    Statutory simple interest of 10% per annum on all unpaid remaining

15  amounts set forth in this Judgment, including any additional amounts

16  awarded as attorney's fees and costs, but excluding amounts designated as

17  post-award interest, from the date of Judgment until the Judgment has been

18  paid in full.

19  The claims of cross-complainant Joseph Freire were dismissed voluntarily

20  on October 19, 2012.

21  Dated: July 29, 2016

22

23  JUDGE ROSS M. KLEIN

24  ROSS KLEIN

25  Judge of the Superior Court

26  moving party to give notice

27

28
    ─────4─────
    JUDGMENT ADDING REX WATKINS AND HELEN WATKINS AS ADDITIONAL
    JUDMENT DEBTORS

1

2

## PROOF OF SERVICE

3        I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 2082 Michelson Drive, Suite 300, Irvine, CA 92612.

4        On July 19, 2016, I served the following documents:

5   **[PROPOSED] JUDGMENT ADDING REX WATKINS AND HELEN WATKINS AS ADDITIONAL JUDGMENT DEBTORS**

6   on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

7

8   Richard J. Hassen
    10429 Hole Ave.
9   Riverside, CA 92505

10  ()      By depositing each such sealed envelope in the United States Mail at Irvine, California
11  Each envelope was mailed with postage thereon fully paid.

12  ()      I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this
13  declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following
14  ordinary business practices, in the United States mail at Irvine, California.

15  ()      By personal service on the office of Richard J. Hassen.

16        I declare under penalty of perjury under the laws of the State of California that the above
17  is true and correct.

18        Executed on July 19, 2016 at Irvine, California.

19

20                                              Michael Hewitt, Declarant

21  N:\Company\Shared Documents\Client Files\Freire Strategic v. Organic\Pleadings\proposed
22  judgment to add rex and helen watkins 7-19-2016.doc

23

24

25

26

27

28

-5-

**JUDGMENT ADDING REX WATKINS AND HELEN WATKINS AS ADDITIONAL JUDGMENT DEBTORS**

EXHIBIT B

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGEMENT TO:   (Name and Address)

Hassen & Associates
10429 Hole Ave.
Riverside, Ca 92505

10-7242303941
08/19/2010 17:00

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

28044580002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

---

1. DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (1a or 1b) – do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Organic Cleaning Compounds, Inc | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. Box 303 | Zephyr Cove | NV | 89448 | USA |

| 1d. ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|
| | Corporation | Nevada | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – insert only one debtor name (2a or 2b) – do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Watkins Family Trust | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 10429 Hole Ave. | Riverside | Ca | 92505 | USA |

4. This FINANCING STATEMENT covers the following collateral:

SEE ATTACHED SCHEDULE "A"

---

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☒ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional]   ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT (FORM UCC1) – CALIFORNIA (REV. 01/01/08)

# SCHEDULE "A"

**FIXED ASSETS**

| PRODUCT | VALUE | NUMBER OF UNITS |
|---|---|---|
| **MACHINE DIVISION** | | |
| Small Plasma Miller | $1,000.00 | 1 |
| Welder Miller Tig 250DX | $2,800.00 | 2 |
| Welder Miller Mig | $3,000.00 | 2 |
| Air Purifier | $500.00 | 1 |
| Rotex | $1,600.00 | 1 |
| 15" SW 5' | $3,500.00 | 1 |
| Mills | $2,100.00 | 2 |
| Drill Press | $890.00 | 2 |
| Chicago Press Break 20 Ton 8' | $2,160.00 | 1 |
| Birmingham Shear 8'24" Backgauge | $8,500.00 | 1 |
| 10"Cold Saw | $750.00 | 1 |
| Carolina Band Saw | $200.00 | 1 |
| Carolina Hydralic Press | $175.00 | 1 |
| Scotman Ind Ironworker Small (31AT) | $2,200.00 | 1 |
| 4' Handbreak 14 GA | $1,300.00 | 1 |
| Toyota Forklift 42" Forks | $3,000.00 | 2 |
| 1/2 Ton A Frame Chain Fall | $2,000.00 | 1 |
| Metal Racking per Section | $800.00 | 8 |
| Strippit - needs work | $500.00 | 1 |
| Old yale Forklift - needs work | $500.00 | 1 |
| Sanders | $100.00 | 3 |
| Quincey Air Compressor | $2,000.00 | 1 |
| Remington Rand air Compressor | $750.00 | 1 |
| Valve Grinder | $2,200.00 | 1 |
| Tool Rack for Brake | $1,500.00 | 1 |
| Polisher | $1,000.00 | 1 |
| Storage Cabinets | $1,100.00 | |
| Diesel Generator | $4,500.00 | 1 |
| Machine Dollies | $1,500.00 | 5 |
| Machine Jigs | $1,000.00 | 2 |
| Assorted Miscellaneous Small Tools | $6,200.00 | |
| **Sub Total** | $59,225.00 | |
| | | |
| **CHEMICAL DIVISION** | | |
| Chemical Mixing Tanks | $4,500.00 | 3 |
| Chemical Storage Tanks | $1,800.00 | 3 |
| 55-G Drum Electric Mixer | $300.00 | 1 |
| Drum Cradles | $75.00 | 5 |
| Drum Trucks | $100.00 | 2 |
| Drum Plug Wrenches | $10.00 | 3 |
| Hand Truck | $40.00 | 2 |
| Pallet Jack | $100.00 | 1 |
| SS ladder | $100.00 | 1 |
| SS Fillers | $1,000.00 | 2 |
| Drum Containment | $7,350.00 | 21 |
| **Sub Total** | $15,375.00 | |

2604450002

# SCHEDULE "A"

FIXED ASSETS

| PRODUCT | VALUE | NUMBER OF UNITS |
|---|---|---|
| MISCELLANEOUS PLANT EQUIPMENT | | |
| Metal Racks for Storage | $10,200.00 | 68 |
| Tables | $50.00 | 2 |
| Washer/Dryer | $200.00 | 1 Ea |
| SS Sink | $50.00 | 1 |
| Microwave | $100.00 | 1 |
| Refrigerator | $160.00 | 2 |
| Freezer | $100.00 | 1 |
| Vehicle | $3,500.00 | 1 |
| Storage Cabinets | $245.00 | 7 |
| Sub Total | $14,595.00 | |
| | | |
| OFFICE EQUIPMENT | | |
| Display Cases and Shelving | $250.00 | 5 |
| Filing Cabinets | $315.00 | 9 |
| Wood Desks | | |
| Base Cabinets | $485.00 | 4 |
| Desks | $1,000.00 | 4 |
| Wood Filing Cabinets | $500.00 | 5 |
| Chairs | $450.00 | 6 |
| Computer System hardware | $6,500.00 | |
| Printers-Copiers-Drives-Backups-Etc | | |
| Software | $4,900.00 | |
| Sub Total | $14,400.00 | |
| | | |
| FIXED ASSETS TOTAL | $103,595.00 | |

2504450002

# State of California

## Secretary of State

I, **Alex Padilla** , Secretary of State of the State of California, hereby certify:

That the attached transcript of 3   page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,**   I execute this certificate and affix the Great Seal of the State of California this day of

October 27, 2015

_____

Secretary of State

FILE #      107242303941

Document Number:   51629880003

Continue

---

**Total Pages:**     3

The undersigned Filing Officer hereby certifies that the above listing is a record of all presently active financing statements, tax liens, attachment liens and judgement liens, including any change documents relating to them, which name the above debtor, subject to any above-stated search qualifiers and are on file in my office as of **10/22/2015 at 1700 hours.**

The search results herein reflect only the specific information requested. The results of this Debtor search will not reflect variances of this name. If the Debtor is known under other personal names, trade names, business entities, or addresses, separate searches of these names will have to be requested and conducted. The Secretary of State, his officers and agents disclaim any and all liability for claims resulting from other filings on which the name of the Debtor can be found in any other form than which was requested.

**Alex Padilla
Secretary of State**

Document Number:   51629880003          Page 2 of 2

EXHIBIT C

NORTH AMERICAN TITLE COMPANY
RECORDING REQUESTED BY:
North American Title Company

AND WHEN RECORDED MAIL TO:
REX H. WATKINS AND HELEN K. WATKINS

1800 N. Bristol #C
P. O. Box 179
SANTA ANA, CA 92706

87616-96
Escrow No.: 043588-JO

2007 2026750

THIS SPACE FOR RECORDERS USE ONLY
Title Order No.: 871616-03

## SHORT FORM DEED OF TRUST WITH ASSIGNMENT OF RENTS

This DEED OF TRUST, made August 1, 2007, between          APN 7432-023-003,005,005,021

TRUSTOR: ARGO PROPERTIES LLC, a California Limited Liability Company

TRUSTEE: INTERNATIONAL CITY ESCROW, INC., a California Corporation, and

BENEFICIARY: REX H. WATKINS AND HELEN K. WATKINS, as Trustee of the Watkins Family Trust executed July 17, 1984

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of Long Beach, Los Angeles County, State of California, described as

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

THIS DEED OF TRUST IS A PURCHASE MONEY DEED OF TRUST AND IS GIVEN TO SECURE A PORTION OF THE PURCHASE PRICE OF THE HEREIN DESCRIBED PROPERTY

If the Trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable. Consent to one such transaction shall not be deemed to be a waiver of the right to require such consent to future successive transactions.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph 10 of the provisions incorporated by reference to collect and apply such rents, issues and profits

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor incorporated by reference or contained herein  2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $1,000,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County on October 18, 1961, and in all other counties on October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below and opposite the name of such county, viz:

EXHIBIT "A"

PARCEL 1:

LOT 14 AND 15 IN BLOCK 14 OF INNER HARBOR TRACT, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES COUNTY, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10, PAGE 178 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

LOT 16 IN BLOCK 14, SUBDIVISION OF LOTS 1 TO 26 OF INNER HARBOR TRACT, CITY OF LONG BEACH, COUNTY OF OS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10, PAGE 178 OF MAP, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBONS, BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN DEEDS OF RECORDS.

PARCEL 3:

THE SOUTH 61 FEET OF LOTS 12 AND 13 IN BLOCK 14 OR THE SUBDIVISION OF BLOCKS 1 TO 24 INCLUSIVE OF INNER HARBOR TRACT, IN THE CITY OF LONG BEACH, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 10, PAGE 178 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBONS, BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN DEED OF RECORD.

PARCEL 4:

LOT 12 AND 13 IN BLOCK 14 OF INNER HARBOR TRACT OF LONG BEACH, IN THE CITY OF LONG BEACH AS PER MAP RECORDED IN BOOK 10, PAGE 178 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THE SOUTH 61 FEET OF SAID LOTS.

EXCEPTING AND RESERVING ALL OIL, HYDROCARBON SUBSTANCES AND MINERALS OF EVERY KIND AND CHARACTER LYING MORE THAN 500 FEET BELOW THE SURFACE OF SAID LAND, TOGETHER WITH RIGHT TO DRILL INTO, THROUGH, AND TO USE AND OCCUPY ALL PARTS OF SAID LAND LYING MORE THAN 500 FEET BELOW THE SURFACE THEREOF FOR ANY AND ALL PURPOSES INCIDENTAL TO THE EXPLORATION FOR AND PRODUCTION OF OIL, GAS, HYDROCARBON SUBSTANCES OR MINERALS FROM SAID LANDS BUT WITHOUT, HOWEVER, THE RIGHT TO USE EITHER THE SURFACE OF SAID LAND OR ANY PORTION OF SAID LAND WITHIN 500 FEET OF THE SURFACE FOR ANY PURPOSE OR PURPOSES WHATSOEVER.

Property Address:   3001 SE Claremont
                    Bartlesville, OK 74006

Mailing Address:



Doc # 2009004110
Bk 1077
Pg 2912-2912
DATE 05/01/09 15:43:30
Filing Fee $13.00
Documentary Tax $465.00
State of Oklahoma
County of WASHINGTON
WASHINGTON County Clerk
M. PARRISH

## INDIVIDUAL
### *WARRANTY DEED*
(Oklahoma Statutory Form)

004110

That ROY EDWIN SPEAKS and SARA JANE SPEAKS, husband and wife, Parties of the first part, in consideration of the sum of TEN & NO/100—($10.00)— and other valuable considerations, in hand paid, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell and convey unto REX WATKINS and HELEN WATKINS, TRUSTEES OF THE WATKINS FAMILY TRUST, Party of the second part, the following described real property and premises situate in Washington County, State of Oklahoma, to-wit:

LOT ONE (1), BLOCK FIVE (5), COLONIAL ESTATES 9TH ADDITION, SECTION 1, BARTLESVILLE, WASHINGTON COUNTY, OKLAHOMA

together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title to the same.

TO HAVE AND TO HOLD said described premises unto the said party of the second part, its successors and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature.

EXCEPT covenants, conditions, easements and restrictions.

Signed and delivered this 19th day of March, 2009.

_____          _____
Roy Edwin Speaks                    Sara Jane Speaks

BK 1077 PG 2912

---

### INDIVIDUAL ACKNOWLEDGMENT-OKLAHOMA FORM

STATE OF OKLAHOMA_____, County of WASHINGTON_____, SS.

Before me, a Notary Public, in and for said County and State, on this 19th day of MARCH_____, 2009, personally appeared Roy Edwin Speaks and Sara Jane Speaks, husband and wife, to me known to be the identical persons who executed the within and foregoing instrument, and acknowledged to me that they executed the same as their free and voluntary act and deed for the purposes therein set forth.

Given under my hand and seal the day and year last above written.

_____
Notary Public

My commission expires:_____

DEBBIE GAILEY
Notary Public-State of Oklahoma
Washington County
Commission #0100275
Expiration 2/5/2013

STATE OF OKLAHOMA

Washington County         465.00

Documentary Stamps: $ _____

(OKLAHOMA STATUTORY FORM)     INDIVIDUAL     FORM 7009

# WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS:

THAT Rex Watkins and Helen Watkins, Trustees of the WATKINS
FAMILY TRUST
_____, part y of the first part, in consideration of the

sum of Ten and no/100 ($10⁰⁰) _____ dollars,

and other valuable considerations, in hand paid, the receipt of which is hereby acknowledged, do ____

hereby grant, bargain, sell and convey unto OLD DOMINION ACCEPTANCE
CORPORATION, a Nevada Close Corporation, 385 W. Rosser St.
Prescott Az. 86301 _____, part y

of the second part, the following described real property and premises situate in WASHINGTON

County, State of Oklahoma, to-wit:

Lot One (1), Block Five (5), Colonial Estates 9th
Addition, Section 1, Bartlesville, Washington County,
Oklahoma

Please mail tax stmt to:
Rex & Helen Watkins
3001 Clearmont Drive
Bartlesville, Ok. 74006

[County Clerk SEAL - WASHINGTON COUNTY]

Doc # 2010001998
Bk 1086
Pg 2170-2170
DATE 03/16/10 14:09:01
Filing Fee $13.00
Documentary Tax $0.00
State of Oklahoma
County of WASHINGTON
WASHINGTON County Clerk
M. PARRISH

together with all the improvements thereon and the appurtenances thereunto belonging, and warrant the title
to the same.

TO HAVE AND TO HOLD said described premises unto the said part y _____ of the second part.

its _____ heirs and assigns forever, free, clear and discharged of and from all former

grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature.

Signed and delivered this 11th day of March 2010

R & H Watk—     Trustees

INDIVIDUAL ACKNOWLEDGMENT—OKLAHOMA FORM

STATE OF Oklahoma, County of Washington, ss.
Before me, a Notary Public in and for said County and State, on this 11th day of March 2010,
personally appeared Rex Watkins and Helen Watkins

to me known to be the identical person s who executed the within and foregoing instrument, and acknowledged to me that
they executed the same as their free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal the day and year last above written.

My commission expires 11-15-2011 _____ Notary Public

CHRIS CROCKER
Notary Public - State of Oklahoma
Washington County
Commission # 99018800
My Commission Expires Nov 15, 2011

Doc # 2009004111
Bk 1077
Pg 2913-2917
DATE 05/01/09 15:43:30
Filing Fee $21.00
Documentary Tax $0.00
State of Oklahoma
County of WASHINGTON
WASHINGTON County Clerk
M. PARRISH



004111

BK1077Pg2913

—————— State of Oklahoma ——————    ————— Space Above This Line For Recording Data —————

After recording return to:    CENTRAL NATIONAL BANK AND TRUST COMPANY OF ENID
1415 SE WASHINGTON BLVD
BARTLESVILLE, OK 74006

# MORTGAGE
### (With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Mortgage (Security Instrument) is ....APRIL 27, 2009.................... and the parties, their addresses and tax identification numbers, if required, are as follows:

   MORTGAGOR: THE WATKINS FAMILY TRUST DTD7/17/84
   1800 N BRISTOL ST STE C 179
   SANTA ANA CA 92706-3343

   ☐ If checked, refer to the attached Addendum incorporated herein, for additional Mortgagors, their signatures and acknowledgments.

   LENDER:    CENTRAL NATIONAL BANK AND TRUST COMPANY OF ENID
   1415 SE WASHINGTON BLVD
   BARTLESVILLE, OK 74006

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to secure the Secured Debt (defined below) and Mortgagor's performance under this Security Instrument, Mortgagor grants, bargains, conveys and mortgages to Lender, with the power of sale, the following described property:
   LOT ONE (1), BLOCK FIVE (5), COLONIAL ESTATES 9TH ADDITION, SECTION 1, BARTLESVILLE, WASHINGTON COUNTY, OKLAHOMA.

   I hereby certify that I received $ _____ in payment of mortgage tax on the within mortgage dated this _____ day of _____, 20____.
   Treasurer, Washington County
   _____ Deputy

   The property is located in ....WASHINGTON........................ at ..3001 SE CLAREMONT........
   ........................................ (County)
   ................................................, Bartlesville............................., Oklahoma ..74006............
   (Address)                              (City)                              (ZIP Code)

   Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall not exceed $ ..248,000.00..................................... . This limitation of amount does not include interest and other fees and charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
   A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(ies) or other evidence of debt described below and all their extensions, renewals, modifications or substitutions. *(When referencing the debts below it is suggested that you include items such as borrowers' names, note amounts, interest rates, maturity dates, etc.)*
   Promissory Note
   Dated APRIL 27, 2009    With a Maturity Date Of APRIL 27, 2010
   Said Loan In The Name(s) Of THE WATKINS FAMILY TRUST DTD 07/17/84

Experts © 1994 Bankers Systems, Inc., St. Cloud, MN Form RE-MTG-OK 8/13/2002
(page 1 of 4)

B. All future advances from Lender to Mortgagor or other future obligations of Mortgagor to Lender under any promissory note, contract, guaranty, or other evidence of debt executed by Mortgagor in favor of Lender after this Security Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this Security Instrument, each Mortgagor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Mortgagor, or any one or more Mortgagor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All obligations Mortgagor owes to Lender, which may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Mortgagor and Lender.

D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and expenses incurred by Lender under the terms of this Security Instrument.

This Security Instrument will not secure any other debt if Lender fails to give any required notice of the right of rescission.

5. **PAYMENTS.** Mortgagor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

6. **WARRANTY OF TITLE.** Mortgagor warrants that Mortgagor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to grant, bargain, convey, sell and mortgage the Property. Mortgagor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **PRIOR SECURITY INTERESTS.** With regard to any other mortgage, deed of trust, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Mortgagor agrees:

A. To make all payments when due and to perform or comply with all covenants.

B. To promptly deliver to Lender any notices that Mortgagor receives from the holder.

C. Not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written consent.

8. **CLAIMS AGAINST TITLE.** Mortgagor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Mortgagor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Mortgagor's payment. Mortgagor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Mortgagor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Mortgagor may have against parties who supply labor or materials to maintain or improve the Property.

9. **DUE ON SALE OR ENCUMBRANCE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable. This covenant shall run with the Property and shall remain in effect until the Secured Debt is paid in full and this Security Instrument is released.

10. **PROPERTY CONDITION, ALTERATIONS AND INSPECTION.** Mortgagor will keep the Property in good condition and make all repairs that are reasonably necessary. Mortgagor shall not commit or allow any waste, impairment, or deterioration of the Property. Mortgagor will keep the Property free of noxious weeds and grasses. Mortgagor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Mortgagor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Mortgagor will notify Lender of all demands, proceedings, claims and actions against Mortgagor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Mortgagor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Mortgagor will in no way rely on Lender's inspection.

11. **AUTHORITY TO PERFORM.** If Mortgagor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Mortgagor appoints Lender as attorney in fact to sign Mortgagor's name or pay any amount necessary for performance. Lender's right to perform for Mortgagor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument. If any construction on the Property is discontinued or not carried on in a reasonable manner, Lender may take all steps necessary to protect Lender's security interest in the Property, including completion of the construction.

12. **LEASEHOLDS; CONDOMINIUMS; PLANNED UNIT DEVELOPMENTS.** Mortgagor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Mortgagor will perform all of Mortgagor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

13. **DEFAULT.** Mortgagor will be in default if any party obligated on the Secured Debt fails to make payment when due. Mortgagor will be in default if a breach occurs under the terms of this Security Instrument or any other document executed for the purpose of creating, securing or guarantying the Secured Debt. A good faith belief by Lender that Lender at any time is insecure with respect to any person or entity obligated on the Secured Debt or that the prospect of any payment or the value of the Property is impaired shall also constitute an event of default.

14. **REMEDIES ON DEFAULT.** In some instances, federal and state law will require Lender to provide Mortgagor with notice of the right to cure or other notices and may establish time schedules for foreclosure actions. Subject to these limitations, if any, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Mortgagor is in default.

At the option of Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. In addition, Lender shall be entitled to all the remedies provided by law, the terms of the Secured Debt, this

*(page 2 of 4)*

Express © 1994 Bankers Systems, Inc., St. Cloud, MN Form RE-MTG-OK 6/13/2002

Security Instrument and any related documents, including the power to sell the Property. All remedies are distinct, cumulative and not exclusive, and the Lender is entitled to all remedies provided at law or equity, whether or not expressly set forth. The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Mortgagor's default, Lender does not waive Lender's right to later consider the event a default if it continues or happens again.

Lender has the power to sell the Property. If Lender invokes the power of sale, Lender shall give notice in the manner required by applicable law to Mortgagor and any other persons prescribed by law. Lender shall also publish the notice of sale, and the Property shall be sold, as prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the manner prescribed by applicable law.

15. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** Except when prohibited by law, Mortgagor agrees to pay all of Lender's expenses if Mortgagor breaches any covenant in this Security Instrument. Mortgagor will also pay on demand amount incurred by Lender for insuring, inspecting, preserving or otherwise protecting the Property and Lender's security interest. These expenses will bear interest from the date of the payment until paid in full at the highest interest rate in effect as provided in the terms of the Secured Debt. Mortgagor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, reasonable attorneys' fees, (not to exceed 15% of the unpaid debt after default), court costs, and other legal expenses. This amount does not include attorneys' fees for a salaried employee of the Lender. This Security Instrument shall remain in effect until released.

16. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Mortgagor represents, warrants and agrees that:

A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

B. Except as previously disclosed and acknowledged in writing to Lender, Mortgagor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

C. Mortgagor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Mortgagor shall take all necessary remedial action in accordance with any Environmental Law.

D. Mortgagor shall immediately notify Lender in writing as soon as Mortgagor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

17. **CONDEMNATION.** Mortgagor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Mortgagor authorizes Lender to intervene in Mortgagor's name in any of the above described actions or claims. Mortgagor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, security agreement or other lien document.

18. **INSURANCE.** Mortgagor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. What Lender requires pursuant to the preceding two sentences can change during the term of the Secured Debt. The insurance carrier providing the insurance shall be chosen by Mortgagor subject to Lender's approval, which shall not be unreasonably withheld. If Mortgagor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Mortgagor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Mortgagor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Mortgagor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Mortgagor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Mortgagor. If the Property is acquired by Lender, Mortgagor's right to any insurance policies and proceeds resulting from damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

19. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Mortgagor will not be required to pay to Lender funds for taxes and insurance in escrow.

20. **FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Mortgagor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Mortgagor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Mortgagor's obligations under this Security Instrument and Lender's lien status on the Property.

21. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Mortgagor signs this Security Instrument but does not sign an evidence of debt, Mortgagor does so only to mortgage Mortgagor's interest in the Property to secure payment of the

Secured Debt and Mortgagor does not agree to be personally liable on the Secured Debt. If this Security Instrument secures a guaranty between Lender and Mortgagor, Mortgagor agrees to waive any rights that may prevent Lender from bringing any action or claim against Mortgagor or any party indebted under the obligation. These rights may include, but are not limited to, any anti-deficiency or one-action laws. Mortgagor agrees that Lender and any party to this Security Instrument may extend, modify or make any change in the terms of this Security Instrument or any evidence of debt without Mortgagor's consent. Such a change will not release Mortgagor from the terms of this Security Instrument. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Mortgagor and Lender.

22. **APPLICABLE LAW; SEVERABILITY; INTERPRETATION.** This Security Instrument is governed by the laws of the jurisdiction in which Lender is located, except to the extent otherwise required by the laws of the jurisdiction where the Property is located. This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

23. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one mortgagor will be deemed to be notice to all mortgagors.

24. **WAIVER OF APPRAISEMENT.** Appraisement of the Property is waived or not waived at Lender's option. Lender shall exercise this option before or at the time judgment is entered in any foreclosure.

25. **OTHER TERMS.** If checked, the following are applicable to this Security Instrument:

☐ **Line of Credit.** The Secured Debt includes a revolving line of credit provision. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.

☐ **Construction Loan.** This Security Instrument secures an obligation incurred for the construction of an improvement on the Property.

☐ **Fixture Filing.** Mortgagor grants to Lender a security interest in all goods that Mortgagor owns now or in the future and that are or will become fixtures related to the Property. This Security Instrument suffices as a financing statement and any carbon, photographic or other reproduction may be filed of record for purposes of Article 9 of the Uniform Commercial Code.

☐ **Purchase Money Mortgage.** The Secured Debt includes money which is used in whole or in part to purchase the Property.

☐ **Riders.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument. [Check all applicable boxes]
    ☐ Condominium Rider   ☐ Planned Unit Development Rider   ☐ Other .............................

☐ **Additional Terms.**

<hr>

**NOTICE TO MORTGAGOR: A POWER OF SALE HAS BEEN GRANTED IN THIS MORTGAGE. A POWER OF SALE MAY ALLOW LENDER TO TAKE THE MORTGAGED PROPERTY AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY MORTGAGOR UNDER THIS MORTGAGE.**

<hr>

**SIGNATURES:** By signing below, Mortgagor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Mortgagor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

.............................................                    .............................................
(Signature) REX H WATKINS, TRUSTOR/TRUSTEE(Date)        (Signature) HELEN K WATKINS, TRUSTOR/TRUSTEE(Date)

**ACKNOWLEDGMENT:**
STATE OF ................................................, COUNTY OF ....................................................} ss.
(Individual)  This instrument was acknowledged before me this .................... day of ...........................................
by ....................................................................................................................................................
My commission expires:
Commission number:                          .............................................
        (Seal)                                    (Notary Public)

*Exper*a̅ ©1994 Bankers Systems, Inc., St. Cloud, MN Form RE-MTG-OK 5/13/2002

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Los Angeles

On April 27, 2009 before me, Mona Steele, Notary Public
         Date                              Here Insert Name and Title of the Officer

personally appeared Rex H. Watkins and Helen K. Watkins
                                    Name(s) of Signer(s)

MONA STEELE
Commission # 1627456
Notary Public - California
Los Angeles County
My Comm. Expires Jan 1, 2010

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Mona Steele_
                Signature of Notary Public

Place Notary Seal Above

BK 1 0 1 7 P G 2 0 4 1

------------------------------ OPTIONAL ------------------------------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: Mortgage

Document Date: April 27, 2009                    Number of Pages: 4 (four)

Signer(s) Other Than Named Above: N/A

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: Rex H. Watkins
[ ] Individual
[ ] Corporate Officer — Title(s): _____
[ ] Partner — [ ] Limited [ ] General
[ ] Attorney in Fact
XX Trustee /Trustor
[ ] Guardian or Conservator
[ ] Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:
The Watkins Family Trust
DTD 7/17/84

Signer's Name: Helen K. Watkins
[ ] Individual
[ ] Corporate Officer — Title(s): _____
[ ] Partner — [ ] Limited [ ] General
[ ] Attorney in Fact
X Trustee /Trustor
[ ] Guardian or Conservator
[ ] Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing:
The Watkins Family Trust
DTA 7/17/84

© 2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael C. Hewitt, Esq. (SBN 148678)<br>Law Offices of Michael C. Hewitt, Inc.<br>2082 Michelson Drive, Suite 300<br>Irvine, California 92612<br>TELEPHONE NO.: 949-825-5260    FAX NO.: 949-825-5261<br>ATTORNEY FOR *(Name):* Strategic Growth, Inc. | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>MAR − 3 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>R. Jones |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 275 Magnolia Ave.
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Long Beach 90802
BRANCH NAME: Governor George Deukmejian Courthouse

CASE NAME:
Strategic Growth, Inc. vs. Watkins

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | N C 0 6 1 0 8 8 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/2/2017

Michael C. Hewitt
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: Strategic vs. Watkins, et al. | CASE NUMBER N C 0 6 1 0 8 8 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3

Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Governor George Deukmejian Courthouse
275 Magnolia
Long Beach, CA 90802

PLAINTIFF:

DEFENDANT:

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR ~ 3 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
R. Junez

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER: **NC061088**

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 7/31/17    Time: 8:30    Dept.: 27

**NOTICE TO DEFENDANT:** THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 3/3/17    **Judge Ross M. Klein**
_____    Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

**SHERRI R. CARTER**, Executive/Officer Clerk

Dated: 3/3/17    By _____
_____    Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: | CONFORMED COPY ORIGINAL FILED Superior Court of California County of Los Angeles MAR – 3 2017 Sherri R. Carter, Executive Officer/Clerk By _____, Deputy |
| PLAINTIFF: | |
| DEFENDANT: | |
| ORDER TO SHOW CAUSE HEARING | CASE NUMBER: NC061088 |

To party/ attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on:

Date: 5/17/17   Time: 8:30   Dept.: 27   Address:

and show cause why sanctions should not be imposed for:

☑ Failure to file:

    ☑ Proof of Service of ☑ Petition ☑ Summons and ☑ Complaint ☐ Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: _____.

    ☐ Request for Entry of Default pursuant to California Rules of Court, rule 3.110(g) as to: _____

    ☐ Request for Entry of Default Judgment pursuant to California Rules of Court:
        ☐ rule 3.110(h)    ☐ rule 3.740(f)    as to: _____

    ☐ Request to Set Case for Trial-Unlawful Detainer.

    ☐ Case Management Statement pursuant to California Rules of Court, rules 3.720-3.730.

    ☐ Request for Dismissal
        ☐ as to remaining defendants
        ☐ as to cross-complaint
        ☐ pursuant to settlement agreement
        ☐ other _____

    ☐ Judgment pursuant to court order.

    ☐ (Other) _____

☐ Failure to appear as ordered on _____ ☐ regarding _____

☐ Failure to file any and all papers/documents necessary to bring the matter to trial or effect a final disposition as to all issues and parties to the action.

☐ (Other) _____

**ORDER TO SHOW CAUSE HEARING**

| Short Title | Case Number |
|---|---|
|  | NC061098 |

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

☐ To avoid a mandatory appearance all required documents must be filed in ☐ this Dept ☐ Clerk's Office, Room _____ at least 5 court days prior to the date of the hearing.

☐ The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

☐ Your are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: _3/3/17_____          _____  Judge Ross M. Klein
                                                                              Judicial Officer

---

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Hearing** upon each party or counsel named below/above by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

SHERRI R. CARTER, Executive Officer/Clerk

Dated: _____          By: _____
                                                  (Deputy Clerk)

LACIV 166 (Rev. 09/13)                    **ORDER TO SHOW CAUSE HEARING**                    Page 2 of 2
LASC Approved 06-04                                                                                      LASC Local Rules, Chapter 3
For Optional Use                                                                                          Cal. Rules of Court, rule 3.1340

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ NC061088

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Michael P. Vicencia | 26 | | | | | | |
| ✓ | Hon. Ross M. Klein | 27 | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _3/3/17_    SHERRI R. CARTER, Executive Officer/Clerk

By _P James_, Deputy Clerk

LACIV _____ 190 (Rev. 09/13)

LASC Approved 05-06

For Optional Use

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 2013. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served and proof of service shall be filed within 60 days after the filing of the complaint.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

NC061088

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖Los Angeles County Bar Association Litigation Section❖

❖ Los Angeles County Bar Association
Labor and Employment Law Section❖

❖Consumer Attorneys Association of Los Angeles❖

❖Southern California Defense Counsel❖

❖Association of Business Trial Lawyers❖

❖California Employment Lawyers Association❖

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11

### STIPULATION – DISCOVERY RESOLUTION

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐      Request for Informal Discovery Conference
   ☐      Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:    _____          _____
                                                                                        JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 2 of 2

## LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS

CRC 201.9(c)
Information about Alternative Dispute Resolution

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation and settlement conferences are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

MEDIATION    A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure (CCP) 1775-1775.15, California Rules of Court (CRC) 1620-1622 and 1630-1639, Evidence Code 1115-1128, and Los Angeles Superior Court (LASC) Rules Chapter 12.

ARBITRATION    A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure (CCP) 1141.10-1141.31, California Rules of Court (CRC) 1600-1618, and Los Angeles Superior Court (LASC) Rules Chapter 12.

SETTLEMENT CONFERENCE    A neutral third party called a settlement officer, who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

MEDIATION & ARBITRATION    Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation or arbitration by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

SETTLEMENT CONFERENCE    Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

Page 1 of 2

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer by court staff.

PARTY PAY PANEL

The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

PRO BONO PANEL

The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono.  Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

PRIVATE NEUTRAL

The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

ADR 005 10-03
LASC Approved
(Rev. 07-06)